PAUL CARUTHERS,     )
          )
   Petitioner,   )
          )
  v.       ) Case No. 4:07CV1822 RWS
          )       (FRB)
DON ROPER,[1]     )
          )
   Respondent.   )

## REPORT AND RECOMMENDATION

Presently before the Court is the pro se petition of Missouri state prisoner Paul Caruthers ("petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for appropriate disposition.

## I. Procedural Background

Petitioner was charged in the Circuit Court of St. Louis County, Missouri, with two counts of assault (Counts 1 and 3) and two counts of armed criminal action (Counts 2 and 4), stemming from his actions against two police officers on August 18, 1998. (Respondent's Exhibit ("Resp. Exh.") C at 21-23). On October 11, 2000, petitioner entered a plea of guilty. (Resp. Exh. A at 25, 18-19). Prior to his sentencing, petitioner filed a motion to withdraw his guilty plea, (Resp. Exh. C at 37-39) which the court

_____

[1]Because petitioner is challenging a sentence to be served in the future, Missouri Attorney General Chris Koster should be added as a proper party respondent. See Rules 2(a), (b), Rules Governing Section 2254 Cases in the United States District Courts.

ultimately denied. (Resp. Exh. B at 4-5). The trial court sentenced petitioner to life on count 1 and a concurrent term of three years on count 2; and a consecutive term of ten years for count 3, and a concurrent term of three years on count 4. (Resp. Exh. C at 40-41).

Petitioner filed an appeal in the Missouri Court of Appeals, arguing that the trial court erred when it: (1) denied his motion to withdraw his guilty plea because his guilty plea was unknowing and involuntary; and (2) denied his request for an evidentiary hearing on his motion to withdraw his guilty plea. (Resp. Exh. D, Resp. Exh. F). The Missouri Court of Appeals affirmed petitioner's convictions and sentences, noting, in a memorandum accompanying its order, that the trial court did not abuse its discretion when it denied petitioner's motion to withdraw his guilty plea, and did not abuse its discretion in denying petitioner's request for a hearing on that motion. (Resp. Exh. F at 2-5).

Petitioner filed a motion for post-conviction relief, and counsel subsequently filed an amended motion. (Resp. Exh. G at 4-12, 23-29). In its October 11, 2005 order denying petitioner's motion, the court noted that petitioner's amended post-conviction motion was untimely, inasmuch as it was filed two days beyond the mandatory time limit. (Resp. Exh. G at 48). The court also found that, even though petitioner's motion was untimely, it had considered the allegations contained therein, and found them all meritless. (Id. at 48-53).

Petitioner appealed the denial of his post-conviction motion to the Missouri Court of Appeals, alleging that the motion court erred in ruling that his amended post-conviction motion was untimely filed; and that the motion court erred in refusing to grant his request for an evidentiary hearing, because petitioner had alleged specific facts that would have entitled him to relief, including that counsel was ineffective for (1) failing to meet with petitioner and keep him informed of the status of his case; (2) telling petitioner that he had no intention of litigating the case and filing a motion for continuance; and (3) failing to investigate numerous discrepancies and issues in the police reports, including: (a) petitioner's attire on the day of the crime, (b) "whether he left to his girlfriend's house, whether he left her home with her and/or her mother," and (c) the fact that petitioner did not use the alias "Black." (Resp. Exh. H at 13-14). In its October 31, 2006 order affirming the motion court's judgment, the Missouri Court of Appeals held that the motion court erred in concluding petitioner's motion was untimely, but found that petitioner was not prejudiced by this ruling and that the motion court's findings of fact and conclusions of law on the merits were not clearly erroneous. (Resp. Exh. J).

The instant petition for writ of habeas corpus was filed in this Court on October 22, 2007. (Docket No. 1). Therein, petitioner raises three grounds for relief, and specifically,

> 1. The trial court erred in denying petitioner's motion for appointment of counsel and his request for a hearing on his motion to

withdraw his guilty plea;

2.    Trial counsel was ineffective because he:

(a)  did not meet with petitioner often enough or keep him informed;

(b)  refused to investigate exculpatory evidence, inconsistencies in the evidence and police report, and possible defenses, including that another person committed the crimes;

(c)  told petitioner on the eve of trial that he had no intention of litigating the case and filed a motion for continuance;

(d)  told petitioner his only option was to plead guilty to reduced charges and that the court would not acquit him;

(e)  focused on rehearsing for the plea proceedings instead of informing petitioner regarding his rights;

(f)  told petitioner that no jury would acquit him when they heard that he had assaulted other police officers;

(g)  ignored petitioner's "intimidations and fears of the impact his statements would have on his safety if he testified;" and

3.    The motion court erred in denying petitioner an evidentiary hearing.

(Docket No. 1 at 32-38).

In a subsequent Traverse, petitioner indicated he wished to add a claim of "abandonment of appellate counsel Mr. Daniel L. Mohs," inasmuch as Mr. Mohs had been disbarred and petitioner was denied a chance to view his brief or the appellate court's ruling.

-4-

(Docket No. 14 at 2).

Respondent contends that petitioner's claim in Ground 1 is procedurally barred from review, inasmuch as petitioner failed to raise it "in any state court," and alternately contends that it is meritless. (Docket No. 7 at 5). Respondent also claims that petitioner's claims in Grounds 2 (a) and (b) are meritless, and that the rest of petitioner's ineffective assistance claims are procedurally barred because petitioner failed to raise them in state court. Finally, respondent contends that petitioner's claim in Ground 3 is not cognizable in these proceedings.

## II. Exhaustion Analysis

Before this Court may grant relief on the merits of a petition for a writ of habeas corpus, a petitioner must first exhaust his state law remedies. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The exhaustion requirement is satisfied if a petitioner has fairly presented his claims first in state court, or if there are no non-futile state remedies currently available to the petitioner. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988).

A review of the record shows that all of the claims petitioner attempts to raise herein are exhausted, inasmuch as he has either presented them to the Missouri courts, or he currently has no available non-futile state remedies. The undersigned further notes that respondent does not allege that any of petitioner's claims remain unexhausted.

## III. Procedural Bar Analysis

To avoid procedural default, a petitioner must fairly present the substance of each claim asserted in the federal petition at each step of the judicial process in state court. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994) (citing Benson v. State, 611 S.W.2d 538, 541 (Mo. Ct. App. 1980)); see also Wemark v. Iowa, 322 F.3d 1018, 1020-21 (8th Cir. 2003); Anderson v. Groose, 106 F.3d 242, 245 (8th Cir. 1997). The "fair presentation" requirement is satisfied when the petitioner has properly raised in the state courts the same factual grounds and legal theories he attempts to raise in federal court. Wemark, 322 F.3d at 1021. This requirement ensures that the state courts have been alerted to "the federal nature of each claim," Palmer v. Clarke, 408 F.3d 423, 430 (8th Cir. 2005), and gives the states the opportunity to consider and adjudicate alleged violations of its prisoners' federal rights. Baldwin v. Reese, 541 U.S. 27, 29 (2004).

Procedurally defaulted claims cannot be reached by the federal habeas court unless the petitioner demonstrates adequate cause to excuse his default and prejudice resulting from the alleged unconstitutional error, or demonstrates that a fundamental miscarriage of justice would occur if the federal court failed to consider the claim. Coleman v. Thompson, 501 U.S. 722, 750 (1991). In order to satisfy the "cause" requirement, petitioner must show that an "external" impediment, something which cannot be attributed to him, prevented him from presenting his claim to the state court in a procedurally proper manner. Id. at 753 (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)).

A.  <u>Ground 1 - Trial Court Error</u>

In Ground 1 of the instant Petition, petitioner claims that the trial court erred in denying his request for appointment of counsel, and his request for a hearing on his motion to withdraw his guilty plea.  Respondent contends that petitioner's claim in Ground 1 is procedurally barred because petitioner failed to present it in state court.  Regarding the first portion of petitioner's claim in Ground 1, that the trial court erred in denying his request for appointment of counsel, respondent is correct:  petitioner indeed failed to present this claim to the Missouri Court of Appeals on direct appeal, <u>see</u> (Resp. Exh. D and F), and it is therefore procedurally barred from review in this Court.  <u>See</u> <u>Jolly</u>, 28 F.3d at 53; <u>see</u> <u>also</u> <u>Maynard v. Lockahart</u>, 981 F.2d 981 (8th Cir. 1992).

This is not, however, true of all facets of petitioner's claim in Ground 1.  In Ground 1 of the instant petition, petitioner also claims that the trial court erred when it denied his request for a hearing on his motion to withdraw his guilty plea.  Review of the record shows that petitioner raised this claim during his direct appeal proceedings in state court, <u>see</u> (Resp. Exh. D at 11), and that the Missouri Court of Appeals reviewed the claim and denied it after consideration of its merits.  (Resp. Exh. F at 5).  Therefore, to the extent that petitioner, in Ground 1, claims that the trial court erred in denying his request for appointment of counsel, such claim is procedurally barred from review in this Court.  However, to the extent that petitioner claims, in Ground 1,

that the trial court erred when it denied his request for a hearing on his motion to withdraw his guilty plea, such claim is not procedurally barred because petitioner fairly presented it to the state courts in a procedurally proper manner, where it was adjudicated on its merits.

    B.    Ground 2 - Ineffective Assistance of Counsel

        In Ground 2, petitioner claims that trial counsel was ineffective for a number of reasons, as described, supra. Respondent contends that petitioner's claims in Ground 2 (c) through (g) are procedurally barred because petitioner failed to properly raise them in state court.  Respondent makes no such arguments with regard to petitioner's claims in Ground 2 (a) or (b), and instead argues that they are meritless.

        1.    Ground 2 (a), (b) and (c)

        In his second point on appeal from the denial of his post-conviction motion, petitioner argued that the motion court clearly erred in refusing to grant his request for an evidentiary hearing because he had demonstrated that trial counsel was ineffective and had coerced him into pleading guilty, inasmuch as trial counsel had: failed to meet with him and keep him informed of the status of his case; failed to investigate "numerous discrepancies and issues in the police's [sic] reports, including appellant's attire on the day of the alleged crime, whether he left to his girlfriend's house, whether he left her home with her and/or her mother, and appellant's failure to use the alias 'Black;'" and informed petitioner on the eve of trial that he had no intention of

litigating the case and filed a motion for continuance. (Resp. Exh. H at 14). These claims are essentially those petitioner raises herein in Ground 2 (a) - (c). The undersigned does note that petitioner essentially asserted these claims in the context of arguing that the motion court erred in denying his request for an evidentiary hearing. <u>See</u> (Resp. Exh. H at 14, 19). However, when determining whether a claim has been fairly presented to the state courts, a federal court should examine the petitioner's brief in the state court to determine whether the claim was "discernible." <u>Morrow v. Wyrick</u>, 646 F.2d 1229, 1232 (8th Cir. 1981) (finding that the district court properly reached the merits of the petitioner's claim, although he violated state appellate court rules, in view of fact that petitioner's "basic argument" was discernible from his state appellate brief). Having thoroughly examined petitioner's state court brief, the undersigned determines that the claims petitioner presents in Ground 2 (a) through (c) are discernible, inasmuch as petitioner, citing the standard for consideration of claims of ineffective assistance dictated by the Supreme Court in <u>Strickland v. Washington</u>,[2] included in his argument claims that counsel was ineffective for the same reasons he asserts in Ground 2 (a) through (c) of the instant petition. While the Missouri Court of Appeals did not include in its opinion a reproduction of the details of petitioner's claims, the court noted the standard for consideration of allegations of attorney error dictated by the Supreme Court in <u>Strickland</u>, and found petitioner's claims

---

[2]<u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

meritless, specifically stating that: "[n]one of [petitioner's] allegations contain sufficient facts that are not refuted by the record showing that his plea counsel did not perform his duties competently." (Resp. Exh. J at 8). The undersigned therefore determines that petitioner fairly presented the Constitutional dimensions of his claims in Ground 2 (a), (b) and (c) to the state court. See Abdullah v. Groose, 75 F.3d 408, 411-12 (8th Cir. 1996); see also Jones v. Luebbers, 359 F.3d 1005, 1012 (8th Cir. 2004) (habeas petitioner "fairly presented" his due process claim to the state court by expressly referring to due process and the Fourteenth Amendment); Sweet v. Delo, 125 F.3d 1144, 1153 (8th Cir. 1997) (citation omitted) ("In order to fairly present his constitutional claim to the state courts, Sweet was required to refer to the Constitution, a specific constitutional right, or a state or federal case raising a constitutional issue")). The undersigned therefore determines that petitioner's claims in Ground 2(a) through (c) are properly before this Court. See Morrow, 646 F.2d at 1232.

2. Ground 2 (e)

Respondent contends that petitioner's claim in Ground 2 (e) is procedurally barred because petitioner failed to fairly present it in state court. The undersigned disagrees.

In Ground 2(e), petitioner claims that his attorney was ineffective because he focused on rehearsing for the guilty plea proceedings instead of preparing for trial and informing petitioner of his rights. Indeed, petitioner did not include the substance of

this claim in either of the "Points On Appeal" headings of his brief to the Missouri Court of Appeals on appeal from the denial of his post-conviction motion. However, in the argument portion of his brief, petitioner, having presented his arguments as detailed, <u>supra</u>, added that he also alleged that counsel was ineffective because he focused his efforts on preparing petitioner for the guilty plea instead of preparing himself and petitioner for trial. Having liberally construed the instant petition, and having examined petitioner's brief in state court, the undersigned determines that, while there are some differences in the wording of petitioner's claim in Ground 2(e) and the claim petitioner asserted to the Missouri Court of Appeals, the claim he presents in Ground 2(e) was discernible in petitioner's brief to the Missouri Court of Appeals. <u>Morrow</u>, 646 F.2d at 1232; <u>see also</u> <u>Abdullah</u>, 75 F.3d at 411-12; <u>Jones</u>, 359 F.3d at 1012; <u>Sweet</u>, 125 F.3d at 1153. In addition, as noted above, in affirming the motion court's decision, the Missouri Court of Appeals cited the standard for reviewing claims of ineffective assistance of counsel dictated by the Supreme Court in <u>Strickland v. Washington</u>, and determined that petitioner had failed to demonstrate that his attorney's performance was deficient. (Resp. Exh. J at 8) ("None of [petitioner's] allegations contain sufficient facts that are not refuted by the record showing that his plea counsel did not perform his duties competently"). The undersigned therefore determines that petitioner's claim in Ground 2(e) is properly before this Court. <u>See</u> <u>Morrow</u>, 646 F.2d at 1232.

3.    Ground 2 (d), (f) and (g)

Respondent contends that petitioner's claims in Ground 2 (d), (f) and (g) are procedurally barred because petitioner failed to raise them in state court.   The undersigned agrees.

In Ground 2(d), petitioner claims that his attorney was ineffective because he told petitioner that his only option was to plead guilty and that the court would not acquit him, and failed to tell him that the state would reduce the charges against him in a plea deal.   In Ground 2(f), petitioner claims that his attorney was ineffective because he told petitioner that no jury would acquit him when they heard that he had assaulted other police officers. In Ground 2(g), petitioner claims that his attorney was ineffective because he ignored petitioner's "intimidations and fears" of the impact his statements would have on his safety if he testified. (Docket No. 1 at 33-35).   However, as discussed in detail, supra, the only ineffective assistance claims petitioner fairly presented to the Missouri Court of Appeals on appeal from the denial of his post-conviction motion were those in Ground 2 (a) - (c) and (e). Under Missouri law, claims of ineffective assistance of trial counsel must be raised by a post-conviction motion under Missouri Supreme Court Rule 29.15, Shigemura v. Groose, 45 F.3d 250, 251 (8th Cir. 1995) (citing State v. Wheat, 775 S.W.2d 155, 157-58 (Mo. banc 1989) (overruled on other grounds)), and a state prisoner who fails to present a claim in accordance with state procedure is barred from raising the claim in a federal habeas corpus proceeding.   Niederstadt v. Nixon, 505 F.3d 832, 839 (8th Cir.

2007) (citing <u>Sweet</u>, 125 F.3d at 1149-50); <u>State v. Giaimo</u>, 968 S.W.2d 157, 159 (Mo. Ct. App. 1998) ("Claims of ineffective assistance of counsel cannot be raised in a direct appeal, but can be raised only in a Rule 29.15 motion for post-conviction relief"). In addition, the failure to raise a claim in post-conviction appeal is considered abandonment of that claim. <u>Sweet</u>, 125 F.3d at 1150 (citing <u>Reese v. Delo</u>, 94 F.3d 1177, 1181 (8th Cir. 1996)).

This Court is therefore precluded from deciding the merits of the claims petitioner attempts to raise in the first portion of Ground 1, Ground 2 (d), (f) and (g), and his abandonment claim, absent petitioner's demonstration of cause and prejudice, or a demonstration that "failure to consider the claims will result in a fundamental miscarriage of justice." <u>Coleman</u>, 501 U.S. at 750. In order to satisfy the "cause" requirement, petitioner must show that an "external" impediment, something which cannot be attributed to him, prevented him from presenting the claims to the state court in a procedurally proper manner. <u>Id.</u> at 753 (citing <u>Murray</u>, 477 U.S. at 488).

On April 16, 2008, petitioner filed a Traverse in which he addressed respondent's allegations of procedural default in a section entitled "Procedural Posture Of The Petition." (Docket No. 13 at 3). Therein, petitioner acknowledged that respondent had "raised several procedural bars in its response" to his petition, but petitioner offered no argument that could be construed as an attempt to explain why he failed to properly raise the claims at issue in state court. Petitioner subsequently filed two amendments

to his Traverse. In neither one did petitioner attempt to establish cause and prejudice to excuse his procedural default, or attempt to demonstrate actual innocence. It therefore cannot be said that he has made any attempt to argue cause to excuse his procedural default of these claims.[3] Finally, because petitioner has made no claim of actual innocence, he cannot satisfy the "fundamental miscarriage of justice" exception to a showing of cause and prejudice. <u>Schlup v. Delo</u>, 513 U.S. 298, 314-15 (1995); <u>Washington v. Delo</u>, 51 F.3d 756, 761 (8th Cir. 1995).

For the foregoing reasons, the first portion of petitioner's claim in Ground 1 (that the trial court erred in denying petitioner's request for appointment of counsel), and petitioner's claims in Ground 2 (d), (f) and (g) are procedurally barred, and should therefore be dismissed without consideration of their merits.

Finally, to the extent that petitioner seeks to add an additional claim of "abandonment of appellate counsel," such claim would be procedurally barred from review because petitioner did not raise it on appeal from the denial of his post-conviction motion. <u>Sweet</u>, 125 F.3d at 1150 (citing <u>Reese</u>, 94 F.3d at 1181 (the failure to raise a claim in post-conviction appeal is considered abandonment of that claim)). To the extent that petitioner's statement that he was not given a copy of Mr. Mohs's brief or a

---

[3]Because there is no basis to consider whether there exists cause to excuse petitioner's procedural default, it is unnecessary to address whether the alleged errors prejudiced petitioner's defense. <u>See</u> <u>Maynard v. Lockhart</u>, 981 F.2d 981 (8th Cir. 1992).

copy of the Appellate Court's ruling can be understood as an attempt to establish cause to excuse his procedural default, such attempt fails. As noted above, in order to satisfy the "cause" requirement, petitioner must show that an "external" impediment, something which cannot be attributed to him, prevented him from presenting his claim to the state court in a procedurally proper manner. Id. at 753 (citing Murray, 477 U.S. at 488). The decision of the Missouri Court of Appeals in petitioner's direct appeal was filed on June 28, 2002. (Resp. Exh. F). In petitioner's brief to the Missouri Court of Appeals on appeal from the denial of his post-conviction proceedings, the certificate of service indicates a date of June 9, 2006, (Resp. Exh. H at 27), and review of the docket sheet of petitioner's post-conviction appeal reveals that petitioner filed his notice of appeal on November 21, 2005. https://www.courts.mo.gov/ casenet/cases/searchDockets.do, Appeal Number ED87234. Petitioner had ample time to notice and address the absence of his copy of the appellate court's decision and counsel's brief before filing his post-conviction appeal, but petitioner makes no effort to explain to this Court why he did not pursue the matter until now. The undersigned therefore cannot say that petitioner has demonstrated that an external impediment prevented him from raising his claim concerning appellate counsel in a procedurally proper manner. See Murray, 477 U.S. at 488. The claim petitioner seeks to add, alleging abandonment of appellate counsel, is therefore procedurally barred from review in this Court.

## IV.  Non-Cognizable Claim

In Ground 3, petitioner claims that the post-conviction review court erred in refusing to grant his requests for an evidentiary hearing.  Respondent contends that this claim is not cognizable in these proceedings.  The undersigned agrees.

Because the existence of state post-conviction proceedings are not Constitutionally guaranteed, infirmities in state post-conviction proceedings do not raise constitutional issues cognizable in a petition for writ of habeas corpus.  Bell-Bey v. Roper, 499 F.3d 752, 756 (8th Cir. 2007) (citing Pennsylvania v. Finley, 481 U.S. 551, 557 (1987)); Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990).  Therefore, petitioner's claim in Ground 3, alleging error in his state post-conviction proceedings, is not a constitutional error that could justify granting an application for a writ of habeas corpus.  See Id.  Petitioner's claim in Ground 3 should therefore be dismissed as non-cognizable in these proceedings.

## V.  Claims Addressed on the Merits

During petitioner's plea proceedings, the following facts surrounding the incident giving rise to petitioner's charges were described:

> Officer Martini and Officer Hale were at the 7-Eleven at 105 Dunn Road, between 4:00 and 4:45 a.m., and they were questioning the defendant[4] because there was an allegation that the defendant was in a stolen car which was stalled on the highway a short distance from

---

[4]Throughout the state court proceedings, petitioner is alternately referred to as "Mr. Caruthers" or "defendant."

the 7-Eleven.

The defendant gave a false name, false Social Security number, but his correct date of birth, and the defendant had a gun that he was concealing in the back of his pants. Through no provocation on the part of the police officers and while they were trying to determine who the defendant was, the defendant, Paul Caruthers, the third, pulled out that thirty-eight caliber.

The police officers did not have their guns out of their holsters, but the defendant pulled out that thirty-eight caliber of his, and just a few feet from Officer Hale, pointed and shot that gun at Officer Hale, striking him in the face.

Officer Hale sustained serious physical injury under the law in that he had surgery on his jaw. He had a metal plate put in his jaw. His jaw was shattered by the bullet. The bullet was removed during surgery. Officer Hale lost a tooth. His hearing has been diminished because of that.

. . .

After the defendant shot Officer Hale, Officer Martini was standing near Officer Hale. The defendant ran towards Officer Martini, still carrying his thirty-eight caliber handgun, and point blank shot at Officer Martini, who at that split second moved his face back, and that bullet went underneath the chin, missing Officer Martini, but the defendant was so close to Officer Martini when he shot at Officer Martini that there was gun powder on Officer Martini's face.

(Resp. Exh. A at 15-16).

State court factual findings are presumed to be correct. 28 U.S.C. § 2254(d). State court findings may not be set aside unless they are unsupported by the record. <u>Sumner v. Mata</u>, 449

-17-

U.S. 539, 547-49 (1981). Petitioner bears the burden of establishing that the state court's factual determinations are erroneous. <u>Williams v. Armontrout</u>, 912 F.2d 924, 930 (8th Cir. 1990) (en banc). Petitioner herein makes no effort to rebut the foregoing facts with clear and convincing evidence. In addition, the record shows that, after the foregoing facts were read into the record during petitioner's guilty plea, petitioner answered affirmatively when asked whether he had heard the facts described, whether they were correct, and whether he committed the acts described. (Resp. Exh. A at 17-18). Having reviewed the record, the undersigned finds that the state court's findings are supported thereby, and are adopted herein to the extent they relate to the claims petitioner raises herein.

Section 2254(d)(1) permits federal habeas courts to test the determinations of state courts "only against clearly established federal law, as determined by the Supreme Court of the United States," and prohibits the issuance of a writ of habeas corpus unless the state court's decision is "contrary to or involved an unreasonable application of clearly established federal law." <u>Williams v. Taylor</u>, 529 U.S. 362, 379 (2000). A state court's decision is contrary to clearly established Supreme Court precedent when it is opposite to the Court's conclusion on a question of law, or different than the Court's conclusion on a set of materially indistinguishable facts. <u>Williams v. Taylor</u>, 529 U.S. at 412-13; <u>Carter v. Kemna</u>, 255 F.3d 589, 591 (8th Cir. 2001). A state court's determination is an unreasonable application of

Supreme Court precedent if it unreasonably refuses to extend a legal principle to a new context where it should apply.  Carter, 255 F.3d at 592, citing Williams v. Taylor, 529 U.S. at 407.


A.    Ground 2: Ineffective Assistance of Counsel

The undersigned will consider petitioner's claims in Ground 2 first.  There, petitioner claims that he was denied the effective assistance of counsel for several reasons, as described, supra.  The undersigned will address each in turn.

At the time petitioner's conviction became final, it was clearly established that the Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel.  U.S. Const. Amend. VI; Strickland v. Washington, 466 U.S. 668 (1984).  There are two components to a successful claim of ineffective assistance of counsel.  First, the petitioner must show that counsel's performance was deficient, which requires a showing that counsel erred so seriously that he was not functioning as the "counsel" guaranteed by the Sixth Amendment.  Strickland, 466 U.S. at 686.  Second, the petitioner must show that such deficient performance prejudiced the defense, which requires a showing that counsel's errors were so serious that petitioner did not receive a fair trial, rendering the resulting conviction unreliable.  Id.  To establish prejudice, petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.  A habeas petitioner bears a heavy burden in overcoming a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

In Hill v. Lockhart, 474 U.S. 52, 58 (1985), the Supreme Court held that the two-pronged Strickland test applies to challenges to guilty pleas on grounds of ineffective assistance of counsel and that, to prevail, a habeas petitioner must show that his attorney's performance "'fell below an objective standard of reasonableness,'" and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 57, 59 (quoting Strickland, 466 U.S. at 687-88).

1.    Ground 2(a)

In Ground 2 (a), petitioner claims that his attorney was ineffective because he did not meet with petitioner often enough or keep him informed.  The Missouri Court of Appeals rejected this claim, finding that petitioner had failed to show that counsel did not perform his duties competently.  Review of the state court's decision reveals no error.

Having considered petitioner's allegations in light of the record, including the transcript of petitioner's guilty plea proceedings, the undersigned cannot say that petitioner has demonstrated that his attorney's performance fell below an objective standard of reasonableness.  During questioning from the

trial court before his guilty plea was entered, petitioner testified that he was not under the influence of any drugs or alcohol, and that he felt his mind was clear. (Resp. Exh. A at 5). The trial court asked petitioner, "Have you had enough time on your case so that you have had an opportunity to be informed by your lawyer and you are aware of what it is that the State would have to stand up and persuade a jury of to have them convict you of these four counts," and that petitioner responded "yes." (Id. at 6). Later during the plea colloquy, petitioner testified that his attorney had gone over with him what the state would have to prove to convict him, the ways he could defend himself, the facts that were in petitioner's favor, and the legal motions he could file. (Resp. Exh. A at 6-7). Petitioner also testified that he and his lawyer had discussed his defense, and that he had told his attorney the facts that he (petitioner) thought were in his favor. (Id. at 9).

The court then heard a recitation of the facts of each count against petitioner that the state would seek to prove at trial and, under questioning from the trial court, petitioner testified that the facts as described were correct. (Id. at 13-17). In response to further questioning from the trial court, petitioner testified that he had in fact committed the two shootings. (Id. at 17-18). Petitioner further testified that he understood that he was entering a blind plea, which meant that there was no sentencing recommendation from the state. (Resp. Exh. A at 18-19).

Review of the plea colloquy also reveals that the trial court thoroughly instructed petitioner regarding his rights. The record reveals that the following exchange was had:

> THE COURT: Mr. Caruthers, do you understand that instead of pleading guilty as you are standing here doing now, you could go ahead - - We are set for trial today, and you could go ahead with that trial. Do you understand?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: And in that instance, the jury would decide if you are guilty. Do you understand that?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: And sir, the way that would work - - and I'm sure, since you are on the eve of trial you know about this, but we'll talk about it briefly. Do you understand there would be twelve citizens, twelve jurors on the jury?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And you know that at the beginning of the trial, I would tell them that you are presumed innocent of the charges and I would tell them that it's the State's job to prove that you are guilty beyond a reasonable doubt, and all twelve of them have to agree that you are guilty beyond a reasonable doubt before they can return a verdict of guilty.
>
> And at the trial, you have subpoena power. And you have subpoena power to bring in witnesses for yourself and evidence for yourself. You could take the witness stand and testify for yourself, if you wanted to. But no one can compel you to testify, for example, the State can't force you to testify.
>
> You've got the right to decide what your strategy is, and part of that strategy could be remaining silent. And if you did remain silent, no one can make any comment about why

you didn't testify, and the State has to produce the witnesses and the evidence against you. I'm guessing that's why several of these people are sitting here in the front row, because they have all been subpoenaed to be here today, and they have to be subject, then, to the cross-examination of your lawyer and confrontation by your lawyer.

And at the end of trial, then, if the jury did return a verdict of guilty on any of these counts, you could try to get their decision, the jury's decision, overturned by appealing it to a higher court.

And do you understand, Mr. Caruthers, when you plead guilty, what you are doing is giving up your right to have a jury determine your guilt on all of these charges?

THE DEFENDANT: Yes, ma'am.

THE COURT:    And do you understand that you are not going to have a trial?

THE DEFENDANT: Yes, ma'am.

THE COURT:    And, sir, is that how you have decided what is in your best interests?

THE DEFENDANT: Yes, ma'am.

(Resp. Exh. A at 21-23).

The record in petitioner's case supports the conclusion that counsel met with petitioner often enough to discuss his case with him, that counsel explained petitioner's rights and possible defenses to him, and listened to petitioner's story regarding the facts that were in his favor. In addition, the record contains no information tending to support petitioner's allegation that counsel failed to adequately meet with him. The undersigned therefore cannot say that petitioner has demonstrated that counsel's performance fell below an objective standard of reasonableness. See

<u>Hill</u>, 474 U.S. at 57, 59 (quoting <u>Strickland</u>, 466 U.S. at 687–88).

Furthermore, even if petitioner could demonstrate that counsel's performance fell below an objective standard of reasonableness, petitioner's claim would fail because petitioner cannot demonstrate that, but for counsel's errors, he would have proceeded to trial instead of pleading guilty. <u>See</u> <u>Id.</u> Petitioner does not advise this Court how often counsel met with him, nor does petitioner indicate how often he thinks counsel should have met with him; nor does petitioner demonstrate how additional meetings with or communications from counsel would have caused petitioner to insist upon going to trial rather than pleading guilty. <u>See</u> <u>Hill</u>, 474 U.S. at 57, 59 (to prevail, a petitioner must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial). Finally, while petitioner argues, in support of his claim in Ground 2(a), that he filed a bar complaint against his attorney, this does not entitle petitioner to relief. The Sixth Amendment does not guarantee a "meaningful relationship" between attorney and client. <u>Morris v. Slappy</u>, 461 U.S. 1, 13–14 (1983). The undersigned therefore concludes that petitioner has failed to demonstrate that his attorney's performance "'fell below an objective standard of reasonableness,'" and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill</u>, 474 U.S. at 57, 59 (quoting <u>Strickland</u>, 466 U.S. at 687–88).

The state court's decision denying petitioner relief was

well-based on law and fact, and was not "contrary to," nor did it involve an "unreasonable application of," clearly established federal law. See 28 U.S.C. § 2254(d)(1). Furthermore, petitioner has not shown that the state court's determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." See 28 U.S.C. § 2254(d)(2). Petitioner's claim in Ground 2(a) should therefore be denied.

### 2. Ground 2(b)

In Ground 2(b), petitioner claims that counsel refused to investigate exculpatory evidence, inconsistencies in the evidence and police report, and possible defenses, including that petitioner did not use the alias "Black," which was attributed to the shooter. The Missouri Court of Appeals determined that this claim was refuted by the record. Review of the state court's decision reveals no error.

As noted above, to prevail on this claim, petitioner must show that his attorney's performance "'fell below an objective standard of reasonableness,'" and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 57, 59 (quoting Strickland, 466 U.S. at 687-88). The petitioner bears a heavy burden in overcoming the strong presumption that counsel's conduct fell "within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

Having considered petitioner's allegations in light of the record, the undersigned cannot say that petitioner has overcome the strong presumption that counsel's conduct counsel's conduct fell "within the wide range of reasonable professional assistance." Id. As noted above, during petitioner's extensive plea colloquy, the trial court told petitioner that, should he proceed to trial, he would have the right to call witnesses and submit evidence on his behalf. (Id. at 22-23). Furthermore, petitioner testified that he and his attorney had met often enough and that he had been informed by his attorney; that his attorney had made him aware of what the state would have to prove should he decide to proceed to trial; that he and his attorney had discussed the facts that were in his favor; that he and his attorney had discussed his defense; and that he had shared with his attorney those facts he believed were in his favor. (Resp. Exh. A at 6-17). Petitioner also testified that he had, in fact, committed the two shootings. (Id. at 17-18). In addition, the record contains no information tending to support petitioner's allegation that counsel failed to adequately meet with him. The undersigned therefore cannot say that petitioner has demonstrated that counsel's performance fell below an objective standard of reasonableness. See Hill, 474 U.S. at 57, 59 (quoting Strickland, 466 U.S. at 687-88).

Furthermore, even if petitioner could demonstrate that counsel's performance fell below an objective standard of reasonableness, petitioner's claim in Ground 2(b) would fail because petitioner cannot demonstrate that, but for counsel's

errors, he would have proceeded to trial instead of pleading guilty. See Id. As noted above, petitioner testified that he committed the two shootings. In addition, during petitioner's sentencing hearing, Officer Hale testified that petitioner, who was standing two to three feet away from him, shot him in the face. (Resp. Exh. B at 6). Officer Hale further testified that petitioner then fired a shot at Officer Martini's head. (Id.) Officer Hale also testified that, while he was lying injured on the ground, petitioner attempted to take his weapon from him. (Id. at 6-7). Officer Martini then offered similar testimony regarding petitioner's actions on the day in question. (Id. at 9-11). Petitioner offers conclusory allegations that counsel failed to investigate "exculpatory evidence," the lack of physical evidence, and that petitioner did not use the alias "Black" which was attributed to the shooter. Petitioner does not demonstrate that, had counsel conducted such investigation, he would have proceeded to trial and faced the state's evidence against him rather than pleading guilty. The undersigned therefore concludes that petitioner has failed to demonstrate that his attorney's performance "'fell below an objective standard of reasonableness,'" and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 57, 59 (quoting Strickland, 466 U.S. at 687-88).

As such, the decision of the Missouri Court of Appeals that counsel was not ineffective was neither contrary to nor an

unreasonable application of clearly established federal law. Nor has petitioner shown that the court's determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As such, the claim raised in Ground 2(b) of the instant petition should be denied. 28 U.S.C. § 2254(d).

### 3. Ground 2(c)

In Ground 2(c), petitioner claims that his attorney was ineffective for telling petitioner, on the eve of trial, that he had no intention of litigating the case and filed a motion for continuance. The Missouri Court of Appeals determined that this claim was refuted by the record. Review of the state court's decision reveals no error.

As noted in detail above, review of the thorough plea colloquy reveals that petitioner testified, _inter_ _alia_, that he had had enough time to discuss his case with his attorney and to be informed by his attorney; that he and his attorney had discussed the facts that were in his favor and that he had told his attorney what facts he believed were helpful to him; and that his attorney had discussed his defense with him and informed him regarding motions that could be filed on his behalf. At no time during the thorough and lengthy plea colloquy did petitioner testify that his attorney essentially refused to try his case. In fact, petitioner did not offer any negative testimony about his lawyer whatsoever,

despite ample opportunity to do so. The undersigned therefore cannot say that petitioner's allegations find any support in the record. The undersigned therefore cannot say that petitioner has demonstrated that counsel's performance fell below an objective standard of reasonableness. See Hill, 474 U.S. at 57, 59 (quoting Strickland, 466 U.S. at 687-88).

Even if petitioner could demonstrate that his attorney's performance fell below an objective standard of reasonableness, petitioner would be unable to establish the requisite prejudice. As quoted above, the trial court, during petitioner's plea colloquy, told petitioner that he could proceed to trial that day should he wish, and explained, at some length, what his rights would be should he choose to do so. The record reflects that petitioner made no attempt to tell the court what he alleges to this Court: that his attorney essentially refused to try his case and forced him to plead guilty. Instead, petitioner repeatedly indicated that he was voluntarily pleading guilty, despite having been advised of his right to proceed to trial. Petitioner therefore fails to demonstrate that the errors petitioner attempts to attribute to counsel were prejudicial. Id. The undersigned therefore concludes that petitioner has failed to demonstrate that his attorney's performance "'fell below an objective standard of reasonableness,'" and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id.

As such, the decision of the Missouri Court of Appeals

that counsel was not ineffective was neither contrary to nor an unreasonable application of clearly established federal law. Nor has petitioner shown that the court's determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As such, the claim raised in Ground 2(c) of the instant petition should be denied. 28 U.S.C. § 2254(d).

      4.   <u>Ground 2(e)</u>

In Ground 2(e), petitioner claims that his attorney focused on rehearsing for the plea proceedings instead of explaining in detail petitioner's constitutional rights, the rights he would be foregoing by pleading guilty, the meanings of those rights, the meaning, use and role of evidence in a criminal proceeding, or the concept of the burden of proof. (Docket No. 1 at 34). The Missouri Court of Appeals determined that this claim was refuted by the record. Review of the state court's decision reveals no error.

Again, as discussed above, during petitioner's plea colloquy, the court specifically asked petitioner whether he had sufficient time to meet with his attorney and to be informed by his attorney; whether his attorney had discussed his case with him; whether his attorney had discussed his defense, and at no time did petitioner indicate that he had not been duly advised by his attorney. The undersigned therefore cannot say that petitioner has demonstrated that his attorney's performance "'fell below an

-30-

objective standard of reasonableness.'" <u>Hill</u>, 474 U.S. at 57, 59 (quoting <u>Strickland</u>, 466 U.S. at 687-88). The fact that counsel may have spent time helping petitioner prepare for the guilty plea proceedings does not compel the conclusion that counsel rendered ineffective assistance.

Furthermore, even if petitioner could so demonstrate, he could not show that, but for counsel's errors, he would have proceeded to trial instead of pleading guilty. As discussed above, the record of petitioner's plea colloquy reveals that the court extensively advised petitioner regarding, <u>inter</u> <u>alia</u>, the constitutional rights he would enjoy in trial, what he was giving up by pleading guilty, the role of evidence in a criminal proceeding, and the concept of the burden of proof. (Resp. Exh. A at 22-23). Therefore, even if petitioner could show that his attorney's performance was deficient, he would be unable to show the requisite prejudice, inasmuch as he willingly plead guilty despite being advised by the court of the very things he claims his attorney failed to tell him. The undersigned therefore concludes that petitioner has failed to demonstrate that his attorney's performance "'fell below an objective standard of reasonableness,'" and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill</u>, 474 U.S. at 57, 59 (quoting <u>Strickland</u>, 466 U.S. at 687-88).

As such, the decision of the Missouri Court of Appeals that counsel was not ineffective was neither contrary to nor an

unreasonable application of clearly established federal law.  Nor

has petitioner shown that the court's determination "resulted in a

decision that was based on an unreasonable determination of the

facts in light of the evidence presented in the State court

proceeding."  28 U.S.C. § 2254(d)(2). As such, the claim raised in

Ground 2(e) of the instant petition should be denied.  28 U.S.C. §

2254(d).


    B.   <u>Ground 1 - Trial Court Error</u>

In the second part of Ground 1, petitioner claims that

the trial court erred when it denied his request for a hearing on

his motion to withdraw his guilty plea.[5]  Petitioner presented this

claim on direct appeal.    In denying petitioner's claim, the

Missouri Court of Appeals ruled as follows:

> Nor did the trial court abuse its discretion
> in denying [petitioner's] request for an
> evidentiary hearing.  No particular form of
> hearing is required under Rule 29.07(d) on a
> motion to withdraw a guilty plea.  However, we
> are guided by the provisions of Rule 24.035.
> Under that rule, on a motion to vacate, set
> aside, or correct the judgment or sentence
> following a plea of guilty on a felony, a
> hearing is not required if the court
> determines the motion and the files and
> records of the case conclusively show that the
> movant is entitled to no relief.  Rule
> 24.035(h); *See* <u>Moore v. State</u>, 685 S.W.2d 627,
> 628-9 (Mo.App. S.D. 1985).  As discussed
> above, the facts alleged by [petitioner] in
> his motion to withdraw his guilty plea, if
> true, are either refuted by the record or do
> not entitle him to relief.  Accordingly, an
> evidentiary hearing was not required.

---

[5]As discussed above, the claim petitioner asserts in the first part of
Ground 1 is procedurally barred.

(Resp. Exh. F at 5).

Missouri Supreme Court Rule 29.07(d) sets forth the provisions for filing a motion to withdraw a guilty plea. As the Missouri Court of Appeals noted in its decision denying petitioner relief, Rule 29.07 does not require a particular form of hearing on a motion to withdraw a guilty plea. See Mo.Sup.Ct.R. 29.07; (Resp. Exh. F at 5). Even so, the Missouri Court of Appeals noted that it found guidance in the provisions of Rule 24.035, which provided that, on a motion to vacate, set aside, or correct the judgment or sentence following a plea of guilty on a felony, a hearing was not required if the court determined that the motion and the record of the case conclusively showed that the movant was not entitled to relief. (Resp. Exh. F at 5) (internal citations omitted).

The Missouri Court of Appeals noted that, in support of his motion to withdraw his guilty plea, petitioner had alleged that he did not understand his attorney's advice because he did not realize that he had a constitutionally protected right not to testify; he did not understand his attorney's advice due to drug use while in prison; he did not understand the concept of the burden of proof related to his claim of self-defense as compared to the state's burden of proof; he believed his attorney had told him he would undoubtedly be convicted; and he did not realize the sentence he was facing. (Id. at 3). The Missouri Court of Appeals addressed petitioner's allegations in turn, and concluded that,

-33-

despite petitioner's allegations, review of the plea colloquy revealed that petitioner testified that he was lucid, had a clear head, and was not intoxicated. (<u>Id.</u>) The court also noted that petitioner had been advised regarding his constitutional rights, and the role of evidence and the burden of proof at trial. (<u>Id.</u>) The court also noted that petitioner had been advised that he had the right to decide his trial strategy, including whether to testify on his own behalf, and that no one could comment on his right to remain silent. (Resp. Exh. F at 3). The court further noted that petitioner was able to state the respective roles of his attorney, the prosecutor, the court, and the jury. (<u>Id.</u> at 3-4.) Finally, the court noted that petitioner had failed to show that his attorney had rendered ineffective assistance. (<u>Id.</u> at 4-5). The court concluded that the lower court had properly denied petitioner's request for an evidentiary hearing because all of his allegations in support of his motion to withdraw his guilty plea were either refuted by the record, or did not entitle him to relief. (<u>Id.</u> at 5).

Petitioner has not demonstrated that the state court's decision denying petitioner relief was "contrary to," or involved an "unreasonable application of," clearly established federal law. <u>See</u> 28 U.S.C. § 2254(d)(1). In fact, review of the decision of the Missouri Court of Appeals reveals that the court determined, as a matter of state law, that the trial court properly denied petitioner's claim, and "[i]t is not the office of a federal habeas court to determine that a state court made a mistake of state law."

Sweet, 125 F.3d at 1151.  Petitioner's claim in the second portion of Ground 1 should therefore be dismissed.

Petitioner herein also requests an evidentiary hearing. Having reviewed the record, the undersigned determines that no evidentiary hearing is required on any issue, because the record conclusively shows that petitioner's allegations either cannot be accepted as true, because they are contradicted by the record, or that, even if his allegations were accepted as true, they would not entitle him to relief.  See Schriro v. Landrigan, 550 U.S. 465, 474-75 (2007).

Therefore, for all of the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that petitioner Paul Caruthers's Petition for Writ of Habeas Corpus be dismissed without further proceedings.

The parties are advised that they have to and including January 13, 2011 to file objections to this Report and Recommendation.  See 28 U.S.C. § 636(b)(1).  Failure to timely file objections may result in waiver of the right to appeal questions of fact.  Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

_Frederick R. Buckles_
Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of December, 2010.