UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAul CARUTHERS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:07CV1822 RWS |
| | ) |
| DON ROPER and | ) |
| CHRIS KOSTER[1], | ) |
| | ) |
| Respondents. | ) |

# MEMORANDUM OPINION

Petitioner Paul Caruthers seeks a writ of habeas corpus. He alleges multiple grounds for habeas relief. I referred this matter to United States Magistrate Judge Frederick R. Buckles for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). On December 30, 2010, Judge Buckles filed his recommendation that Caruthers' habeas petition should be denied. On March 11, 2011, Caruthers, through counsel, timely filed objections to the report and recommendation. I have conducted a de novo review of all matters relevant to the petition. After careful consideration, I will adopt and sustain the thorough reasoning of Judge Buckles and will deny Caruthers' habeas petition.

Caruthers pleaded guilty of assault and armed criminal action against two police officers. The facts recited at the change of plea hearing state that Caruthers was being questioned by two officers regarding a suspected stolen car that had stalled on the highway a short distance from a 7-Eleven store. As the officers were questioning Caruthers he pulled a gun out and shot one officer in the face and shot at the other officer barely missing his face.[2] Prior to sentencing

---

[1] The Clerk of Court shall add Chris Koster as a Respondent in this matter.

[2] Both officers gave victim impact statements at Caruthers' sentencing proceeding in which they both identified Caruthers as the person who shot them.

Caruthers filed a motion to withdraw his guilty plea. That motion was denied. He received a life sentence to be served concurrently with two three year sentences and a consecutive ten year sentence.

Caruthers' objections to Judge Buckles' report and recommendation are predominately an attack on the Missouri judicial system's post-conviction relief process. This issue was not raised or addressed in Caruthers' habeas petition and will not be considered for the first time in the form of objections to the report and recommendation.

Caruthers also objects to the use of the term "petitioner" in the report and recommendation because it implies that he did certain things in the record when in fact they were done by his counsel who Caruthers asserts was constitutionally ineffective. Such an objection does not change the conclusions of the report and recommendation.

Caruthers' objection that his post-conviction counsel had a conflict of interest because he represented Caruthers on direct appeal was not raised in his petition and is raised for the first time in his objections. As such this objection does not address a finding or conclusion of the report and recommendation and cannot be raised at the objection stage of this case. Moreover, the ineffective assistance of post-conviction counsel cannot be a basis for habeas relief either for a direct claim or under an assertion of "cause" in an attempt to overcome a procedural bar of a claim. Christenson v. Ault, 598 F.3d 990, 995 (8th Cir. 2010).

Caruthers also objects to Judge Buckles' determination that his claim regarding the post-conviction court denying him a hearing is not cognizable as a grounds for habeas relief. However, Judge Buckle's is correct, the post-conviction court's failure to hold a hearing does not raise a cognizable grounds for relief. Bell-Bey v. Roper, 499 F.3d 752, 756 (8th Cir. 2007) ("Because the Constitution does not guarantee the existence of state post-conviction proceedings, see Pennsylvania v. Finley, 481 U.S. 551, 557(1987), 'an infirmity in a state post-conviction

proceeding does not raise a constitutional issue cognizable in a federal habeas [application].'").

After careful consideration of the record and of Caruthers' objections, I will adopt and sustain the thorough reasoning of Judge Buckles' report and recommendation and will deny Caruthers' habeas petition. I find that Judge Buckles correctly analyzed the issues raised in Caruthers' petition and reached the proper conclusion that habeas relief is not warranted.

In addition, I have considered whether to issue a certificate of appealability. To grant a certificate of appealability, I must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994).

I believe that Caruthers has not made such a showing on the grounds raised in his petition. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Judge Buckles' report and recommendation filed on December 30, 2010 is adopted and sustained in its entirety.

**IT IS FURTHER ORDERED** that Petitioner Paul Caruthers' Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 31st day of March, 2011.